UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MARSHALL PACKAGING COMPANY, LLC | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | |
| PEPSICO, INC., THE PEPSI BOTTLING GROUP, INC., PEPSIAMERICAS, INC., PEPSI BOTTLING VENTURES, LLC, SAFEWAY, INC., AND ADVANCED H2O, LLC | § § § § § § | JURY TRIAL |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Marshall Packaging Company, LLC ("Marshall Packaging"), by and through its undersigned counsel, files this Original Complaint against Pepsico, Inc., The Pepsi Bottling Group, Inc., PepsiAmericas, Inc., Pepsi Bottling Ventures, LLC, Safeway, Inc., and Advanced H2O, LLC (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop each Defendant's infringement of Marshall Packaging's U.S. Patent No. RE 38,770 (the "'770 Patent"), entitled "Collapsible Container." Marshall Packaging seeks injunctive relief and monetary damages.

### PARTIES

2. Plaintiff Marshall Packaging Company, LLC is a limited liability company organized and existing under the laws of the State of Texas. Marshall Packaging maintains its principal place of business at 505 E. Travis St., Suite 207, Marshall, Texas 75670. Marshall

Packaging is the assignee of all rights, title, and interest in and to the '770 Patent and possesses all rights and recovery under the '770 Patent, including the right to sue for infringement and recover past damages.

3. Defendant Pepsico, Inc. ("Pepsi") is a corporation organized and existing under the laws of the State of North Carolina, with its principle place of business located at 700 Anderson Hill Road, Purchase, New York, 10577. Pepsi may be served via its registered agent for service of process, CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.

4. Defendant The Pepsi Bottling Group, Inc. ("PBG") is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business located at 1 Pepsi Way, Somers , New York 10589-2201. PBG may be served via its registered agent for service of process, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

5. Defendant PepsiAmericas, Inc. ("PepsiAmericas") is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business located at 4000 RBC Plaza, 60 South Sixth Street, Minneapolis, Minnesota 55402. PepsiAmericas may be served via its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6. Defendant Pepsi Bottling Ventures, LLC ("PBV") is a limited liability company organized and existing under the laws of the State of Delaware, with its principle place of business located at 4141 ParkLake Avenue, Suite 600, Raleigh, North Carolina 27612. PBV may be served via its registered agent for service of process, David O'Bryant, 4700 Homewood Court, Suite 200, Raleigh, North Carolina 27609.

7. Defendant Safeway, Inc. ("Safeway") is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business located at 918 Stoneridge Mall Road, Pleasanton, California 94588-3229. Safeway may be served via its registered agent for service of process, United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

8. Defendant Advanced H2O LLC ("Advanced H2O") is a limited liability company organized and existing under the laws of the State of Delaware, with its principle place of business located at 7853 SE 27th Street, Suite 283, Mercer Island, Washington 98040. Advanced H2O may be served via its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

10. The Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly and/or through intermediaries (including subsidiaries, distributors, retailers, and others), ships, distributes, offers for sale, sells, and/or advertises its products in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant (directly and/or through intermediaries, including subsidiaries, distributors, retailers, and others) has purposefully and voluntarily placed one or more of its infringing products, as described below in Count 1, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These infringing products have been and continue to be purchased by

consumers in the Eastern District of Texas. Each Defendant has committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas.

11. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT RE 38,770

12. Marshall Packaging refers to and incorporates herein the allegations of Paragraphs 1 through 11 above.

13. United States Patent No. 5,370,250 (the "'250 Patent"), entitled "Collapsible Container" was duly and legally issued by the United States Patent and Trademark Office on December 6, 1994 after a full and fair examination. The '250 Patent was reissued as Re. 36,377 on November 9, 1999 after a full and fair reissue proceeding (the '377 Patent). The '377 Patent was reissued as Re. 38,770 (attached hereto as Exhibit "A") on August 9, 2005 after a full and fair reissue proceeding ("the '770 Patent"). Marshall Packaging is the assignee of all rights, title, and interest in and to the '770 Patent and possesses all rights of recovery under the '770 Patent, including the right to sue for infringement and recover past damages.

14. Pepsi has infringed and continues to infringe the '770 Patent by making, using, offering to sell, selling (directly or through intermediaries or authorized agents under Pepsi's control), importing, in this district and elsewhere in the United States, certain collapsible beverage containers that use and embody the patented invention. These collapsible containers are sold under various brand labels including but not limited to "Aquafina," and "Lipton." Upon information and belief, Pepsi's infringing containers are sold under other brand labels. Upon information and belief, Pepsi has also contributed to the infringement of the '770 Patent, and/or

actively induced others to infringe the '770 Patent, in this district and elsewhere in the United States.

15. PBG has infringed and continues to infringe the '770 Patent by making, using, offering to sell, selling (directly or through intermediaries), importing, in this district and elsewhere in the United States, certain collapsible beverage containers that use and embody the patented invention. These collapsible containers are sold under various brand labels including but not limited to "Aquafina," and "Lipton." Upon information and belief, PBG's infringing containers are sold under other brand labels. Upon information and belief, PBG has also contributed to the infringement of the '770 Patent, and/or actively induced others to infringe the '770 Patent, in this district and elsewhere in the United States.

16. PepsiAmericas has infringed and continues to infringe the '770 Patent by making, using, offering to sell, selling (directly or through intermediaries), importing, in this district and elsewhere in the United States, certain collapsible beverage containers that use and embody the patented invention. These collapsible containers are sold under various brand labels including but not limited to "Aquafina," and "Lipton." Upon information and belief, PepsiAmericas' infringing containers are sold under other brand labels. Upon information and belief, PepsiAmericas has also contributed to the infringement of the '770 Patent, and/or actively induced others to infringe the '770 Patent, in this district and elsewhere in the United States.

17. PBV has infringed and continues to infringe the '770 Patent by making, using, offering to sell, selling (directly or through intermediaries), importing, in this district and elsewhere in the United States, certain collapsible beverage containers that use and embody the patented invention. These collapsible containers are sold under various brand labels including but not limited to "Aquafina," and "Lipton." Upon information and belief, PBV's infringing

containers are sold under other brand labels. Upon information and belief, PBV has also contributed to the infringement of the '770 Patent, and/or actively induced others to infringe the '770 Patent, in this district and elsewhere in the United States.

18. Safeway has infringed and continues to infringe the '770 Patent by making, using, offering to sell, selling (directly or through intermediaries), importing, in this district and elsewhere in the United States, certain collapsible beverage containers that use and embody the patented invention. These collapsible containers are sold or have been sold under various brand labels including but not limited to "Safeway Refreshe." Upon information and belief, Safeway's infringing containers are sold under other brand labels. Upon information and belief, Safeway has also contributed to the infringement of the '770 Patent, and/or actively induced others to infringe the '770 Patent, in this district and elsewhere in the United States.

19. Advanced H2O has infringed and continues to infringe the '770 Patent by making, using, offering to sell, selling (directly or through intermediaries), importing, in this district and elsewhere in the United States, certain collapsible beverage containers that use and embody the patented invention. These collapsible containers are sold or have been sold under various brand labels including but not limited to "Athena." Upon information and belief, Advanced H2O's infringing containers are sold under other brand labels. Upon information and belief, Advanced H2O also has contributed to the infringement of the '770 Patent, and/or actively induced others to infringe the '770 Patent, in this district and elsewhere in the United States.

20. Marshall Packaging specifically excludes from this claim for patent infringement all containers that are licensed pursuant to any previous license agreement entered into by Marshall Packaging.

21. Marshall Packaging is entitled to recover from the Defendants the damages sustained by Marshall Packaging as a result of the Defendants' wrongful acts in an amount subject to proof at trial.

22. Defendants' infringement of Marshall Packaging's exclusive rights under the '770 Patent will continue to damage Marshall Packaging, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## JURY DEMAND

23. Plaintiff demands a trial by jury on all issues and has paid the required jury fee.

## PRAYER FOR RELIEF

16. Plaintiff Marshall Packaging Company, LLC respectfully requests this Court to enter judgment in its favor against each Defendant, granting the following relief:

  A. An adjudication that each Defendant has infringed and continues to infringe claims of the '770 Patent;

  B. An award to Marshall Packaging of damages adequate to compensate Marshall Packaging for each Defendant's acts of infringement together with prejudgment interest;

  C. An award of Marshall Packaging's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

  D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining each Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) active infringement with respect to the claims of the '770 Patent; and

E. Any further relief that this Court deems just and proper.

Dated: January 22, 2010              Respectfully submitted,


                                     By:    /s/    Donald Puckett

                                     Donald Puckett
                                     Attorney-In-Charge
                                     State Bar No. 24013358
                                     dpuckett@thewarefirm.com
                                     Leslie D. Ware
                                     State Bar No. 00785179
                                     lesware@airmail.net
                                     Mark W. Born
                                     State Bar No. 24034334
                                     mborn@ thewarefirm.com
                                     Eric S. Tautfest
                                     State Bar No. 24028534
                                     etautfest@thewarefirm.com
                                     George T. Scott
                                     State Bar No. 24061276
                                     gscott@thewarefirm.com
                                     **THE WARE FIRM**
                                     2101 Cedar Springs Road, Suite 1900
                                     Dallas, Texas 75201

                                     T. John Ward, Jr.
                                     Texas State Bar No. 00794818
                                     **WARD & SMITH LAW FIRM**
                                     P.O. Box 1231
                                     Longview, Texas 75606
                                     (903) 757-6400
                                     (903) 757-2323 (fax)
                                     jw@jwfirm.com

                                     ATTORNEYS FOR PLAINTIFF
                                     MARSHALL PACKAGING COMPANY, LLC